**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEORGE AMAYA,

    Defendant - Appellant.

No. 18-1265
(D.C. No. 1:17-CR-00119-PAB-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **HARTZ**, Circuit Judges.
_____

Following his acceptance of a plea agreement that included a waiver of his right to appeal, George Amaya pleaded guilty to a drug offense and a firearm offense, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to 180 months' imprisonment on the drug offense and a consecutive term of 60 months' imprisonment on the firearm offense, for a total prison term of 240 months (20 years). Despite his waiver, he filed an appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). In evaluating the government's motion, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Amaya has filed a response stating that he "takes no position on" the government's motion. Resp. at 1.

Amaya's waiver of his right to appeal applies unless (1) his sentence exceeds either (a) the maximum penalty provided in the statute of conviction or (b) the advisory guideline range applicable to a total offense level or 33, or (2) the government appeals his sentence. In his Docketing Statement, Amaya states that he intends to appeal his sentence, while reserving his ability to assert additional claims on appeal.

Amaya's appeal waiver is enforceable. His intended appeal of his sentence is within the scope of the waiver because his sentence does not exceed either the maximum statutory penalties for his offenses or the advisory guideline range referenced in his waiver. An appeal challenging any other aspect of his prosecution and conviction is also covered by the scope of the waiver. The plea agreement clearly sets forth the waiver and states that it was knowing and voluntary; the district court addressed the waiver and voluntariness at the plea hearing; and there is no contradictory evidence indicating that Amaya did not knowingly and voluntarily

2

accept the waiver.  Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and the appeal is dismissed.

Entered for the Court
Per Curiam